# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

FILED
CLERK, U.S. DISTRICT COURT
JAN 10, 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Luis Lomeli,

    Plaintiff,

v.

Universal Protection Service, LP and Salvador Villegas,

    Defendant.

2:19-cv-9754-VAP-AGRx

**Order GRANTING Plaintiff's Motion to Remand (Dkt. 11)**

Before the Court is Plaintiff's Motion to Remand ("Motion," Dkt. 11). Defendants filed their Opposition on December 23, 2019 (Dkt. 12), and Plaintiff replied on December 30, 2019 (Dkt. 13). The Court finds the matter suitable for decision without a hearing pursuant to Local Rule 7-15. After considering all papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion to Remand.

## I. BACKGROUND

Plaintiff Luis Lomeli ("Plaintiff") was hired as a security guard by Defendant Universal Protection Service, LP ("UPS") in 2009. (Dkt. 11 at 2). He was baptized into the Seventh-day Adventist Church in November 2017, and requested a schedule change in January 2018 so that he would no longer have to work Saturdays, on the Sabbath. (Dkt. 1-2, "Complaint," ¶

1

11-19). Plaintiff alleges that not only did UPS not respond to his request for religious accommodation, but that UPS and Defendant Salvador Villegas (collectively, "Defendants") also harassed him for making the request. (Complaint ¶ 37). As a result of Defendants' alleged refusal to accommodate and ongoing harassment, Plaintiff resigned on December 12, 2018. (Complaint ¶ 38).

Plaintiff filed this lawsuit in California state court on October 3, 2019, alleging violations of FEHA (religious discrimination-failure to accommodate, religious discrimination-disparate treatment, harassment, and failure to prevent discrimination and harassment) and wrongful constructive termination in violation of public policy. (Motion at 2). Defendants timely removed the case to federal court on November 13, 2019. (Dkt. 1).

In his Motion, Plaintiff argues remand is appropriate because his claims for religious discrimination and failure to accommodate neither arise from nor require interpretation of the collective bargaining agreement ("CBA"), and therefore the Court lacks subject matter jurisdiction. (Motion at 4—5). Defendants concede that Plaintiff's third cause of action for harassment against Defendant UPS and Defendant Salvador Villegas does not require the Court to interpret the CBA, and request that the Court exercise supplemental jurisdiction over the third claim. (Dkt. 12 at 2 n.1).

## II. LEGAL STANDARD

The federal removal statute, 28 U.S.C.A. § 1441, provides that any civil action brought in state court may be removed to a federal district court that

would have had original jurisdiction over the same matter. A federal court must, however, remand the case if it finds there is no diversity of citizenship or the claims do not arise under federal law. 28 U.S.C.A. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Int'l Primate Prot. League v. Admin. of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Removal statutes are strictly construed against removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Section 301(a) of the LMRA gives federal courts subject matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C.A. § 185. "Section 301 is on its face a jurisdictional statute, under which '[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties.'" *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001), as amended (Aug. 27, 2001) (quoting 29 U.S.C. § 185(a)).

The Supreme Court has long held that § 301 "preempts the use of state contract law in CBA interpretation and enforcement." *Id.* at 689 (citing *Local 174, Teamsters of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962)). Not all claims implicating collectively bargained agreements raise a federal question, however: § 301 preempts only "claims founded directly on rights

3

created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (quotation marks and citation omitted); *see also Livadas v. Bradshaw*, 512 U.S. 107, 122–24 (1994) ("[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."). "If the plaintiff's claim cannot be resolved without interpreting the applicable CBA . . . it is preempted. Alternatively, if the claim may be litigated without reference to the rights and duties established in a CBA . . . it is not preempted." *Cramer*, 255 F.3d at 691 (internal citations omitted).

### III.  DISCUSSION

**A.  Religious Discrimination in Violation of FEHA**

Plaintiff makes several religious discrimination claims, each based on the Fair Employment and Housing Act, Cal. Gov't Code § 12940 *et. seq.* ("FEHA"). Plaintiff argues that because his claims are based entirely on his rights under FEHA, they do not derive from or substantially depend on analysis of the CBA. Defendants, respond, unpersuasively, that because the CBA includes provisions governing seniority, scheduling, and job vacancies, Plaintiff's claims, which touch on those same issues, require interpretation of the CBA. (Dkt. 12 at 5).

The Ninth Circuit has made clear that "just because a CBA provides a remedy or duty related to a situation that is also directly regulated by non-

4

negotiable state law does not mean the employee is limited to a claim based on the CBA." *Humble v. Boeing Co.*, 305 F.3d 1004, 1009 (9th Cir. 2002) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408-09, (1988)). Indeed, "Section 301 preemption is not intended to shield an employer from substantive duties that the state might impose." *Id.* Section 301, therefore, "does not preempt every public policy claim brought by an employee covered by a collective bargaining agreement. Thus, a claim is not preempted if it poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1001–02 (9th Cir. 1987).

The Ninth Circuit has considered § 301 preemption in precisely this factual scenario. In *Cook v. Lindsay Olive Growers*, the court considered whether an employer's alleged failure to accommodate an employee's religious beliefs—and, specifically, the prohibition on working during the Sabbath—in violation of California law requires interpretation of the employee's CBA such that the employee's claims are preempted by federal law. 911 F.2d 233 (9th Cir. 1990). The court found that "[t]here is no doubt that § 12940(a) establishes a California public policy against religious discrimination in the workplace," and therefore that "enforcement of the California statute" did not "require interpretation of the CBA." *Cook v. Lindsay Olive Growers*, 911 F.2d at 238.

5

The instant case presents the same issue, and this Court reaches the same conclusion. Plaintiff's FEHA claims do not require interpretation of the CBA, and therefore are not preempted by federal law.

### B. Wrongful Constructive Termination in Violation of Public Policy

The same analysis applies to Plaintiff's constructive termination in violation of public policy claim: "[T]he mere fact that a broad contractual protection against discriminatory ... discharge may provide a remedy for conduct that coincidentally violates state law does not make the existence or the contours of the state law violation dependent upon the terms of the private contract." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412–13 (1988), quoted in *Ackerman v. Western Elec. Co.*, 860 F.2d 1514, 1517 (9th Cir.1988). *See also Cook v. Lindsay Olive Growers*, 911 F.2d 233, 238 (9th Cir. 1990) (finding plaintiff's "claim of wrongful discharge in violation of public policy," premised on failure to accommodate religious beliefs and inability to work through the Sabbath, "survives federal preemption").

Plaintiff's wrongful termination claim does not require interpretation of the CBA, and therefore is not preempted by federal law.

## IV. CONCLUSION

The Court finds Plaintiff's claims not preempted by federal law, and declines to exercise supplemental jurisdiction over Plaintiff's claims. The Court therefore GRANTS Plaintiff's Motion to Remand the action to the Superior Court of California, County of Los Angeles.

The Court declines to impose sanctions on Defendants for removing this case.

**IT IS SO ORDERED.**

Dated: 1/10/20

Virginia A. Phillips
Chief United States District Judge